# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| JAMES MICHAEL WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNOR SCHWEITZER, et al.,<br><br>Defendants. | Cause No. CV 10-00020-H-DWM-RKS<br><br>ORDER TO SERVE AMENDED COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE<br><br>(Defendants see D.Mont. L.R. 12.2) |

On January 26, 2010, this Court granted Plaintiff James Warren's motion to proceed in forma pauperis and conducted an initial prescreen of his Complaint filed pursuant to 28 U.S.C. § 1915. The Court pointed out a number of deficiencies in the Complaint and allowed Mr. Warren the opportunity to file an amended complaint. Mr. Warren filed an amended complaint and the Court will now complete the prescreening process dictated by 28 U.S.C. § 1915. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

After consideration of Mr. Warren's Amended Complaint as set

forth herein, the Court will require Defendant Wyant to make an appearance on Mr. Warren's First Amendment, RLUIPA, Equal Protection, and access to the courts claims.

Defendants Beasley, Anderson, Swanson, Ambrose, Reich, Mahoney, Ferriter, Schweitzer, the State of Montana, Montana State Prison Administration, and the Montana Department of Corrections Administration will be recommended for dismissal.  In addition, Mr. Warren's deprivation of property, §1985 conspiracy, and § 1986 neglect to prevent claims will be recommended for dismissal.

## I.  STATEMENT OF CASE

### A.    Parties

Mr. Warren is a pro se prisoner currently incarcerated at the Crossroads Correctional Center in Shelby, Montana.  The incidents at issue occurred at Montana State Prison.

Mr. Warren names the following Defendants in his Amended Complaint:  Chris Wyant, intake correctional officer at Montana State Prison; Jerry Beasley, Admissions Manager at Montana State Prison;

Denise Anderson, Unit Manager at Montana State Prison; Montana

State Prison Assistant Warden Ross Swanson; Colleen Ambrose, lawyer

specialist; Billie Reich, Grievance Coordinator at Montana State

Prison; Montana State Prison Warden Mike Mahoney; Montana

Department of Corrections Director Ferriter; Governor Schweitzer, and

John Does 1 and 2.  (Court Doc. 9, p. 3; Court Doc. 9-1, p. 1).

In the Court's prior Order, it indicated it would recommended

Defendants State of Montana, Montana State Prison Administration,

and the Montana Department of Corrections based upon Eleventh

Amendment immunity.

## B.    Amended Complaint Allegations

Mr. Warren contends that on July 8, 2009 Chris Wyant

confiscated his legal documents, religious medallion, and religious book

"Taking on the Runes" without prior notice and a hearing.  He contends

Officer Wyant refused to call for a supervisor and threatened to destroy

his property if Warren did not send the property out of the prison.  Mr.

Warren sent his personal property to his mother for fear that it would

have otherwise been destroyed.  (Court Doc. 9, p. 4).

Based upon these facts, Mr. Warren raises a procedural due process claim, a RLUIPA claim, a Free Exercise claim, an Establishment Clause claim, an Equal Protection claim, a § 1985 conspiracy claim, and a § 1986 neglect to prevent claim.

## II.  PRESCREENING ANALYSIS

The Court will now complete the prescreening process required by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

Mr. Warren alleges that on July 8, 2009, after arriving at the Martz Diagnostic Intake Unit of Montana State Prison, Admission officer Chris Wyant, John Doe 1, and John Doe 2 inspected Mr. Warren's personal property and made him send out his legal documents and his religious articles.  He contends Officer Wyant told him the prison authorized religious books for Christian (Bible), Islam (Koran), Judean (Torah), and Buddhist faiths but not Odinism.

### A.  Religious Articles Claims

Mr. Warren alleges the denial of his religious book and medallion

were a substantial burden on his religious exercise thus violating the Free Exercise clause and RLUIPA.  He also alleges the denial of these items while allowing other religions' books violated the Establishment Clause and the Equal Protection Clause.

The Court has considered whether Mr. Warren's First Amendment Free Exercise and Establishment Clause, his RLUIPA claims, and his Equal Protection claims are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  With liberal construction, the Court finds that Mr. Warren's allegations warrant a response from Defendant Wyant.

## B.  Access to Courts

As set forth in the Court's prior Order, to show an access to the courts violation, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access.  *Sands v. Lewis*, 886 F .2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996).  Mr. Warren alleges he was denied legal

documents which were required to be provided with a writ of habeas corpus.

The Court has considered whether Mr. Warren's denial of access to the courts claim is frivolous, malicious, fail to state a claim, or seeks solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  With liberal construction, the Court finds that Mr. Warren's access to the courts allegations also warrant a response from Defendant Wyant.

The Court makes no conclusions about the truth of Mr. Warren's allegations or about the strength of his claims or of the evidence he might offer to corroborate them.  The Court only finds that he said enough to require a response from Defendant Wyant.

## C.  General Denial of Property

To the extent Mr. Warren is attempting to state a due process claim separate from his access to the courts claim and his religious claims, his allegations fail to state a claim upon which relief may be granted.  Mr. Warren's allegations in his Amended Complaint are that

even though the property policy allowed him to have his legal documents and religious articles, Officer Wyant forced him to send them out of the prison.

As set forth in the Court's prior Order, a state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for the deprivation. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), *see also Zinermon v. Burch*, 494 U.S. 113, 129-130, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  Here, Mr. Warren was not permanently deprived of his property and even if he had been the Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et. seq.*, provides an adequate post-deprivation remedy.

This claim will be recommended for dismissal.

**D.  42 U.S.C. §§ 1985 and 1986**

Mr. Warren raises new claims in his Amended Complaint under 42 U.S.C. §§ 1985 and 1986 alleging Defendants conspired to interfere

with his civil rights and/or failed to prevent an impending violation of

section 1985.  To bring a cause of action successfully under § 1985(3), a

plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either
> directly or indirectly, any person or class of persons of the
> equal protection of the laws, or of equal privileges and
> immunities under the laws; and (3) an act in furtherance of
> this conspiracy; (4) whereby a person is either injured in his
> person or property or deprived of any right or privilege of a
> citizen of the United States.

First, it is unclear whether Section 1985 protections go to First

Amendment freedom of religion claims.  *See Peloza v. Capistrano*

*Unified School District, 37 F.3d 517, 524, n.8 (9th Cir. 1994).*

Regardless, "[a] claim under this section must allege facts to support

the allegation that defendants conspired together.  A mere allegation of

conspiracy without factual specificity is insufficient." *Karim -Panahi v.*

*Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).*  As in the

*Karim-Panahi* case, Mr. Warren's Amended Complaint only contains

legal conclusions and no specific facts to support his conspiracy claim.

In *Karim-Panahi*, the plaintiff was given an opportunity to amend his

conspiracy claim.  That is not necessary in Mr. Warren's case because these claims were raised in Mr. Warren's Amended Complaint. Although he did not raise a conspiracy claim in his original compliant, he was advised that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Court Doc. 4, p. 7 *quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

Moreover, Mr. Warren was given specific instructions regarding his allegations against supervisory officials.  He was told he had to set forth specific facts regarding the liability of each defendant and how their personal conduct violated his constitutional rights.  (Court Doc. 4, pp. 12-13).

An allegation that supervisory prison officials refused to investigate another officer's conduct does not amount to an allegation of conspiracy.  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (conspiracy is an element of claim under § 1985).  When a defendant holds a supervisory position, the causal link between such

defendant and the claimed constitutional violation must be specifically

alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher

v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

allegations concerning the involvement of supervisory personnel in civil

rights violations are not sufficient. *See Ivey v. Board of Regents*, 673

F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each

Government-official defendant, through the official's own individual

actions, has violated the constitution." *Iqbal*, 129 S.Ct. at 1948.  Mr.

Warren alleges Defendants Beasley, Anderson, Swanson, Ambrose,

Reich, Mahoney, and Ferriter should be held liable based upon their

review of Warren's grievances.  A supervisory defendant can only be

held liable for his or her own conduct, not due to their review of an

officer's one time decision regarding property.  Mr. Warren does not

allege any actual, personal involvement in the decision to send

Warren's property out of the prison by these supervisory defendants.

Given the threadbare recital of the § 1985 claim and the failure to

allege any type of personal involvement, Mr. Warren's § 1985 fails to

state a claim and will be recommended for dismissal.

In order to state a valid claim under § 1986, Mr. Warren must first prevail on his § 1985 claim. *See* 42 U.S.C. § 1986 (a person having knowledge of any wrongs to be committed under § 1985, and who is able to prevent those wrongs but neglects to do so, is liable if such a wrongful act is ultimately committed in violation of § 1985); *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F3d 1085, 1088 (2nd Cir. 1993) (a § 1986 claim must be predicated upon a valid § 1985 claim). Given that § 1986 requires personal knowledge and is predicated on a valid § 1985 claim (which requires a showing of personal involvement), Mr. Warren's § 1986 claim also fails to state a claim and will be recommended for dismissal.

### E.  John Doe Defendants

Mr. Warren has also named two John Doe Defendants with regard to his religious and access to the courts claims, but he has not named these individuals. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v.*

*Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996), cert. denied, 519 U.S. 1132, 117 S.Ct. 995, 136 L.Ed.2d 875 (1997); *see also Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir. 1970)*. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)*. Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca.2008)*.

Although papers and pleadings submitted by pro se litigants are subject to a less stringent standard than those of parties represented by attorneys, a pro se plaintiff must follow the rules and orders of the court, including diligently acting to identify any "John Doe" defendants named in his suit. *Grinage v. Leyba, 2008 WL 199720 at 12 (D.Nev. January 17, 2008)*. When a plaintiff is not able to name one or more

defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999).

Mr. Warren's Amended Complaint might possibly state a claim against John Does 1 and 2 but this cannot be specifically determined and these individuals cannot be served until they are identified by name.  Once a responsive pleading is filed by Defendant Wyant the Court will issue a Scheduling Order setting forth a deadline to name all John Doe defendants.

## III.  CONCLUSION

The Court has considered whether Mr. Warren's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  The Court concludes dismissal of Mr. Warren's

First Amendment Free Exercise and Establishment Clause claims,
RLUIPA claims, Equal Protection claim, and denial of access to the
courts claims against Defendant Wyant is not appropriate at this time
and he must make an appearance in this matter.

Defendants Beasley, Anderson, Swanson, Ambrose, Reich,
Mahoney, Ferriter, the State of Montana, Montana State Prison
Administration, and the Montana Department of Corrections
Administration will be recommended for dismissal with prejudice.  In
addition, Mr. Warren's deprivation of property, § 1985 conspiracy, and
§ 1986 neglect to protect claims will be recommended for dismissal.

Based on the foregoing, the Court issues the following:

## ORDER

1.  Pursuant to Fed.R.Civ.P. 4(d), the Court will request
Defendant Wyant to waive service of summons by executing, or having
counsel execute, the Waiver of Service of Summons.[1]  The Waiver must

---

[1]As Defendants Beasley, Anderson, Swanson, Ambrose, Reich,
Mahoney, Ferriter, the State of Montana, Montana State Prison
Administration, and the Montana Department of Corrections
Administration are recommended for dismissal, they do not need to file

be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendant Wyant chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to <u>Fed.R.Civ.P. 12(a)(1)(B)</u>.

     2.  The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

*     Mr. Warren's Complaint (Court Doc. 2);
*     Court's Order of May 18, 2010 (Court Doc. 4);
*     Mr. Warren's Amended Complaint (Court Doc. 9);
*     this Order,
*     a Notice of Lawsuit & Request to Waive Service of Summons; and
*     a Waiver of Service of Summons

     Should counsel determine they do not represent Defendant, they should notify the Court's Pro Se Department as soon as possible.

---

a responsive pleading at this time.

ORDER TO SERVE AMENDED COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–CV-10-00020-H-DWM-RKS / PAGE 15

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the

ORDER TO SERVE AMENDED COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–CV-10-00020-H-DWM-RKS / PAGE 16

name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5.  Mr. Warren <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Mr. Warren SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Warren has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Defendants Beasley, Anderson, Swanson, Ambrose, Reich,

Mahoney, Ferriter, the State of Montana, Montana State Prison

Administration, and the Montana Department of Corrections

Administration should be **DISMISSED**.

2.  Mr. Warren's deprivation of property, § 1985 conspiracy, and §

1986 neglect to protect claims should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Warren may serve and file

written objections to these Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of

Electronic Filing.  As this deadline allows a party to act after the

Findings and Recommendations is served, it falls under Fed.R.Civ.P.

6(d).  Therefore, three (3) days are added after the period would

otherwise expire.

Any such filing should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."

A district judge will make a de novo determination of those

portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of October, 2010.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Legal Counsel for the
      Montana Department of Corrections
      P.O. Box 201301
      Helena, MT 59620-1301

     A lawsuit has been commenced by a pro se plaintiff against Officer Chris Wyant.  A copy the Amended Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-10-20-H-DWM-RKS.  The Court has completed its pre-screening and concludes Defendant Wyant must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

     This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

     If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     If you do not wish to waive service on behalf of Defendant, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

                */s/ Keith Strong*
                Keith Strong
                United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendant acknowledges receipt of your request that he waive service of summons in the following action: <u>Warren v. Wyant</u>, Civil Action No. CV-10-20-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendant also received a copy of the Amended Complaint.  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;


      The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following Defendant:

_____; _____;


_____      _____
DATE                             SIGNATURE

                                      _____
                                      PRINTED/TYPED NAME

                                      _____

                                      _____
                                      ADDRESS