

FILED

JAN 06 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| JAMES MICHAEL WARREN, | CV 10-20-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER |
| GOVERNOR SCHWEITZER, et al., | |
| Defendants. | |

Plaintiff Warren, a state prisoner proceeding pro se, has filed an Amended Complaint alleging violations of his constitutional rights arising from actions of intake officers who inspected Warren's personal property upon his arrival at Montana State Prison and allegedly required him to send out his legal documents and religious articles. Warren's Amended Complaint alleges a procedural due process claim, a free exercise claim, an establishment clause claim, an equal

protection claim, a conspiracy claim under 42 U.S.C. § 1985, a neglect to prevent claim under 42 U.S.C. § 1986, and a claim under the Religious Land Use and Institutionalized Persons Act of 2000.

United States Magistrate Judge Keith Strong conducted preliminary screening of the original Complaint as required by 28 U.S.C. §§ 1915 and 1915A, and identified several deficiencies. Judge Strong allowed the Plaintiff to amend his claims, and has now conducted preliminary screening on the Amended Complaint. The court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends that the claims be dismissed against all named Defendants except Defendant Chris Wyant, intake correctional officer at Montana State Prison, and that the claims for deprivation of property, § 1985 conspiracy, and § 1986 neglect to protect be dismissed as well. Judge Strong explains that the deprivation of property claims fails because Warren did not suffer a permanent deprivation and because Montana law provides an adequate post-deprivation remedy. The § 1985 and § 1986 claims fail, Judge Strong concludes, because Warren does not set forth any specific factual allegations against supervisory officials to support his § 1985

claim, and a successful § 1985 claim is a prerequisite to any claims under § 1986. Judge Strong also recommends that the claims against Defendants State of Montana, Montana State Prison Administration, and the Montana Department of Corrections be dismissed based on Eleventh Amendment immunity.

Plaintiff Warren timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Warren does not confront the legal bases for Judge Strong's recommendations, and therefore has failed to provide this Court with any ground upon which it might decide the issues in the case differently. Moreover, Warren relies entirely on the Montana Code Annotated and the Montana Constitution in his objections; these authorities do not advance his position because his Amended Complaint states federal claims that are not controlled by Montana law. Because he fails to address the relevant federal statutory and constitutional law, Warren's objections are overruled. Upon de novo review, I agree with Judge Strong's Findings and Recommendations (Doc. No. 10) and adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the claims against Defendants Beasley, Anderson, Swanson, Ambrose, Reich, Mahoney, Ferriter, the State of Montana, Montana State Prison Administration, and the Montana Department of Corrections Administration are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff Warren's claims for deprivation

of property, § 1985 conspiracy, and § 1986 neglect to protect are DISMISSED.

DATED this 6th day of January, 2011.

_____
Donald W. Molloy, District Judge
United States District Court