# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| JAMES MICHAEL WARREN, | Cause No. CV 10-00020-H-DWM-RKS |
| Plaintiff, | |
| vs. | SECOND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| CHRIS WYANT, | |
| Defendant. | |

This matter is still pending on Defendant Wyant's Motion for Summary Judgment. C.D. 49. On December 12, 2011, this Court recommended the motion be granted finding that Mr. Warren did not create a fact issue regarding whether the prison's policies or actions substantially burdened the exercise of his religious beliefs. C.D. 75.

In his objections to the Findings and Recommendations, Mr. Warren provided new evidence in an attempt to illustrate how his rights under RLUIPA are substantially burdened by the prison's alleged ban on his religious medallion and book. Therein, he stated that it is his "religious belief and practice to use his religious medallion (i.e., Thor's Hammer) as he so chooses, including major religious observances of Odinism." C.D. 80, p. 3. Additionally, he believes Thor's

Hammer provides "protection from harm by unharmonious forces." C.D. 80, p. 3.

Mr. Warren also stated that it is his religious belief and practice to use his religious

book "during daily religious observances, too [sic] include, daily rune readings in

his prayers . . . " and that "[r]eading religious literature is part of the way [he]

practices and expresses his religious beliefs" and "share[s] with others in the

practice of Odinism." C.D. 80, p. 3.

Judge Molloy did not decide whether these facts demonstrated a substantial

burden on Mr. Warren's religious exercise but decided they must be considered.

C.D. 81, p. 4. Judge Molloy fully agreed with the Findings and Recommendations

based on the information before the Court but referred the matter back for

consideration of the new evidence. Thus, the only remaining issue is whether Mr.

Warren has presented sufficient facts to demonstrate a substantial burden on his

religious exercise.

Defendant was given an opportunity to respond to Mr. Warren's new

evidence and Mr. Warren was given an opportunity to reply.

Defendant argued that Mr. Warren was permitted, as are all inmates, to

obtain a religious medallion and the book from the prison canteen. C.D.

51–Defendant's Statement of Undisputed Facts, ¶ 19 citing C.D. 52–Zuber

Affidavit, ¶ 20. Defendant contends that Mr. Warren failed to show that his

specific Thor's hammer and his book were somehow superior to the medallions

and books available to him at the canteen.  C.D. 83.

In response, Mr. Warren makes no argument regarding whether or not the

denial of his religious materials was a substantial burden on his religious exercise.

Rather, his submission discusses the ethics of this Court and defense counsel.  He

does not address the issue at hand.  C.D. 84.

Mr. Warren bears the initial burden of demonstrating a prima facie claim

that the prison's policies or actions constitute a substantial burden on the exercise

of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir.

2005).  The Ninth Circuit has defined a "substantial burden" to be one that is

"'oppressive' to a 'significantly great' extent."  San Jose Christian Coll. v. City of

Morgan Hill, 360 F.3d 1024, 1034–35 (9th Cir. 2004).  That is, the substantial

burden imposes such "a significantly great restriction or onus" that it renders

religious exercise "effectively impracticable."  San Jose Christian, 360 F.3d at

1034-1035.

Mr. Warren's only allegations of a substantial burden are those set forth in

his objections that it is his "religious belief and practice" to use his Thor's

Hammer, that Thor's Hammer provides "protection from harm by unharmonious

forces," and that it is his religious belief and practice to use his religious book

"during daily religious observances, too [sic] include, daily rune readings in his prayers . . . " and that "[r]eading religious literature is part of the way [he] practices and expresses his religious beliefs" and "share[s] with others in the practice of Odinism." C.D. 80, p. 3.

These allegations are insufficient to state a claim for imposing a substantial burden on his religious exercise. Mr. Warren can obtain a religious medallion and religious book at the canteen at the prison, albeit not the specific ones he had upon entry into the prison. While he may have to adapt to the use of different religious articles, such restrictions do not render the exercise of his religion "effectively impracticable."

It is **RECOMMENDED**:

Officer Wyant's Motion for Summary Judgment C.D. 49 should be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If any party files objections, they must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, they must itemize each recommendation to which objection is made and must set forth the authority they relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the party from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of July, 2012.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge