

**FILED**

AUG 24 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL WARREN, | ) | CV 10–00020–H–DWM–RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRIS WYANT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are Defendant Chris Wyant's motion for summary judgment (doc. 49) and United States Magistrate Judge Keith Strong's Second Findings and Recommendations (doc. 85). This matter was referred back to Judge Strong for the limited purpose of assessing whether Warren presented sufficient facts in his objections to the first set of findings and recommendations to demonstrate a substantial burden on his religious exercise under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Judge Strong gave Defendant an opportunity to respond to Warren's new evidence and Warren was given an opportunity to reply. After fully considering the parties' briefing, Judge Strong found that Warren failed to make a sufficient showing and recommended

that Defendant's motion for summary judgment be granted.

Warren has again filed objections (doc. 88) and is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). For the reasons stated below, this Court adopts Judge Strong's findings and recommendation in full. Because the parties are familiar with the facts and procedural background, they will not be restated here except as necessary to explain the Court's decision.

I.

Under RLUIPA, the plaintiff bears the burden to demonstrate that prison policies or actions place a substantial burden on his religious exercise. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). Only if the plaintiff satisfies that burden does the burden shift to the defendant to show that the restriction is the least restrictive means to further a compelling government interest. *Id.* Because Warren fails to allege a substantial burden on his religious exercise, the second inquiry is not reached.

The Ninth Circuit defines a substantial burden as one that is "'oppressive' to a 'significantly great' extent. *Id.* at 994. "That is, a 'substantial burden,' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier*, 418 F.3d at 995 (quoting *San Jose Christian Coll. v. City*

2

*of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). If a policy, penalty, or practice "puts significant pressure on inmates . . . to abandon their religious beliefs by [modifying their behavior], it imposes a substantial burden on [the inmate's] religious practice." *Warsoldier*, 418 F.3d at 996 (punishing an inmate for refusing to cut his hair constitutes a substantial burden); *Sherbert v. Verner*, 374 U.S. 398, 399 (1963) (forcing Seventh Day Adventist plaintiff to choose between working on Saturdays, a day of rest under her faith, and being eligible for unemployment compensation constituted a substantial burden). However, a practice that offends a plaintiff's religious sensibilities but does not force the plaintiff to act contrary to his or her beliefs is not a "substantial burden." *Navajo Nation v. United States Forest Service*, 535 F.3d 1058, 1063 (9th Cir. 2008).

The sincerity of Warren's beliefs is not doubted, and no judgment is passed on the validity of his religious practice. Additionally, his claim to have developed a "personal relationship" with his religious medallion after years of using it in the observance of religious rituals is taken at face value. However, Warren does not deny that he can order a Thor's hammer and religious books from the prison canteen, and he has not shown that ordering and using these items would significantly pressure him to alter his religious beliefs or violate them in any way. While using a new medallion and religious book might violate his religious

3

sensibilities, that is not sufficient to demonstrate a substantial burden on his religious exercise.

Warren repeatedly emphasizes a factual dispute over whether the confiscation of his religious medallion and writings constituted a violation of prison policies. But summary judgment is only precluded by a genuine dispute over a material fact. Prison policies are irrelevant to the question at hand: whether the confiscation of Warren's medallion and writings imposed a substantial burden on his religious exercise.

In summary, I agree with Judge Strong that Warren has not alleged a "significantly great restriction or onus" to obtain protection under RLUIPA. And because RLUIPA imposes a stricter standard than any of the other claims Warren raised in his Complaint, those claims also fail.

IT IS HEREBY ORDERED that Judge Strong's Second Findings and Recommendations (doc. 85) are adopted in full.

IT IS FURTHER ORDERED that Defendant Wyant's Motion for Summary Judgment (doc. 49) is GRANTED.

Dated this 24th day of August 2012.

Donald W. Molloy, District Judge
United States District Court